# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## APRIL TERM, 1890.

---

### JULIA WEISINGER *v.* MATTIE COCK ET AL..

DEED. *Delivering after death of grantor. Inoperative.*
  An instrument signed and acknowledged as a deed and intrusted to an
  agent for safe-keeping, with directions not to deliver it, unless the grantor
  should die before returning from a certain journey, is inoperative, though
  delivered after the death of the grantor while on such journey, in pursu-
  ance of his intention to vest the title to the property in the grantee in the
  event of his death. Under these facts there is no *present* delivery, abso-
  lute or conditional.

FROM the chancery court of Tunica county.

HON. W. R. TRIGG, Chancellor.

The facts are stated in the opinion of the court. It is only
necessary to add that Jacques, after receiving the deed from J. E.
Stone, kept it as directed, and that the said Stone did not return,
but died while in Florida, whereupon Jacques delivered it to J. W
Stone, the grantee therein named.

*Powel & Powel*, for appellant.

There was no delivery of the deed; it never passed beyond the
control of the grantor. This was not a delivery, to take effect
upon a condition. *Davis* v. *Williams*, 57 Miss. 843 ; *Harkreader* v.
*Clayton*, 56 Ib. 383.

Delivery of a deed after the death of a grantor, though in pur-
suance of his previous request, is inoperative. *Baldwin* v. *Maultsby*,
5 Ired. (N. C.) 505.

If this delivery is good, a man may convey his homestead and defeat the rights of his wife by delivery of the deed after his death. See *Moseley* v. *Anderson*, 40 Miss. 49.

*Perkins & Percy*, for appellees.

1. The allegation in the bill, " never intending to part with the possession or control of said deed while he lived," is a conclusion of law and not an averment of fact.

2. The bill is contradictory. In one place it states that the grantor never intended to part with the possession or control of the paper, and in another, that he intended that the deed should be delivered if he never returned. This shows clearly that the control depended on a future contingency, returning alive.

3. The grantor's intention ought to be effectuated. The solemn acknowledgment that he had delivered the deed, followed by the immediate placing of it in the hands of a third person, are facts from which must be determined his intentions.

The Mississippi doctrine, following *Doe* v. *Knight*, 5 Barn. & Cress. (11 Eng. Com. Law) 671, is that the possession and control amounts to nothing if there has been a delivery, and that delivery is a question of intention.

The case of *Baldwin* v. *Maultsby*, 5 Ired. 505, is squarely in conflict with *Davis* v. *Williams*, 57 Miss. 843.

The case of *Belen* v. *Carter*, 4 Day (Conn.), 66, is on all fours with this.

COOPER, J., delivered the opinion of the court.

Complainant exhibited her bill in this cause against the heirs at law of J. W. Stone, to cancel as a cloud upon her title a certain deed under which the defendants claim title to the lands described therein. She states that her husband, J. E. Stone, was the owner of said lands, and died leaving no children, whereupon said lands descended to her as his sole heir-at-law. The facts in reference to the execution of the deed sought to be cancelled, as stated in the bill, are that in October, 1882, the said J. E. Stone prepared, or had prepared, a deed conveying said lands to his father, J. W.

Stone, which deed he put among his private papers in the safe, of which, as clerk of the chancery court of Tunica county, he had control, where it remained until some time thereafter, when the said J. E. Stone and complainant were about to start on a visit to the state of Florida because of the ill health of her said husband.   At that time J. E. Stone sent to his office for the deed, and acknowledged its execution before a proper officer; and, this being done, he handed the deed to one Jacques, his deputy, who had charge of all his papers, and directed him to put it back in the same place where it had been kept from the day he had signed the same, never intending to part with the control or possession of said deed while he lived, and not to deliver or record the same unless he, the said J. E. Stone, never returned—meaning unless he died.

The complainant, by her bill, avers, " that there was no delivery of said deed by said J. E. Stone to the said J. W. Stone, or to any one for him.   The intention of J. E. Stone was, that if he died before he returned home from Florida, the said Jacques was to deliver said deed to said J. W. Stone.   If he did not die, then the said J. E. Stone was to have control of the same."   The appellees demurred to the bill on the ground that the facts stated show delivery of the deed.   The demurrer was sustained, and the complainant appeals.

The demurrer should have been overruled.   No delivery of the deed is shown.   On the facts stated, the deed was never out of the custody of the grantor.   It was handed to Jacques, to be by him deposited among the private papers of the grantor, there to remain until his death, or until he should exercise his will over it by dealing with it according to his pleasure.   The facts disclose no act or purpose of a present delivery, absolute or conditional.   They are entirely consistent with the control of the deed by the grantor during his life, and inconsistent with his parting with any power over it.   Mr. Stone evidently thought that he might dispose of his estate by deed, executed according to the forms of law, of which he remained in possession and control, and which was to be operative only upon his death.   In this he was mistaken.   *Cook* v. *Brown,*

34 N. H. 460 ; *Brown* v. *Brown*, 66 Me. 316 ; *Prutsman* v. *Baker*, 30 Wis. 644.

*The decree is reversed, demurrer overruled, and defendants allowed thirty days in which to answer after the mandate shall have been filed in the court below.*