SHEARIN *et al. v.* COLEMAN *et al.*

(In Banc. Jan. 27, 1947. Suggestion of Error Overruled March 17, 1947.)

[28 So. (2d) 841. No. 36305.]

**Daniel & Magruder**, of Starkville, and **W. P. Stribling**, of Columbus, for appellants.

**John F. Frierson**, of Columbus, for appellees.

Argued orally by **G. Odie Daniel** and **Augustine Magruder,** for appellants, and by **John F. Frierson,** for appellees.

**Alexander, J.,** delivered the opinion of the Court.

This suit involves a contest between the beneficiaries under the will of J. H. Barrow, who died in 1942, and the

heirs at law of Mrs. J. H. Barrow, who died intestate in 1944. For the purpose of the hearing, the two estates were combined since the beneficiaries under the will asserted that the estate of Mrs. Barrow did not include the funds here involved, which, it was claimed, passed under the husband's will.

The petition sought inter alia to establish ownership of certain funds on deposit in a local bank. The decree adjudicated several matters as to which no error is predicated. From that part of the decree dismissing appellants' petition for adjudication of their ownership of these bank funds, this appeal is taken.

The contest is over the balance of a checking account, and three certificates of time-deposit, in the amounts of $327.89 and $30,300 respectively. The checking account was in the name of "Mr. or Mrs. J. H. Barrow." Each of the three time certificates were drawn in favor of "Mr. or Mrs. J. H. Barrow," and were "payable to the order of either or survivor."

It is clear, therefore, that under Code 1942, Section 5205, a presumption arises that both deposits created joint ownership with the right of survivorship. In re Lewis' Estate, 194 Miss. 480, 13 So. (2d) 20; Leverette v. Ainsworth, 199 Miss. 652, 23 So. (2d) 798.

The controversy, therefore, narrows to the sufficiency of the evidence adduced to overthrow the presumption by disclosure of a contrary intention.

The will of Mr. Barrow did not mention the bank funds, nor the certificates. All property was left to his wife during her life, with the privilege of complete disposal. Remainder rights were devised and bequeathed to Ida Barrow, a niece, and to Maudie L. Coleman, to whom he assertedly stood in loco parentis. To the former, he bequeathed (with other devises) "the sum of ten thousand dollars in cash."

There were insufficient funds in the estate of J. H. Barrow to pay the legacy mentioned. This was indicated by the petition for appointment of the administrator, which

alleged that the "personal estate will be less than $500." Bond was fixed and the administrator, B. F. Coleman, a brother-in-law of Mrs. Barrow, qualified under this assumption. Mr. Coleman was also appointed administrator of the estate of Mrs. Barrow, and in the petition for such appointment it was set out that "the said Mrs. Ada M. Barrow left a personal estate of approximately $28,-000." Bond and qualification took such representation into account. Petitioners and the administrator in both cases seem to have been aware of the certificates of deposit and the account, and the inventory of Mrs. Barrow's estate included both items.

Subsequent to the death of Mr. Barrow, Ida E. Barrow was given authority by Mrs. Barrow to draw upon her account by checks signed "Mrs. J. H. Barrow by Miss Ida E. Barrow." During the interval between the deaths of Mr. Barrow and Mrs. Barrow the certificates of deposit were renewed in Mrs. Barrow's name, and she withdrew $100 therefrom.

The president of the depository bank testified that both accounts were carried in the name of "Mr. or Mrs. J. H. Barrow" and that it "was their wishes." Interest from the time certificates was deposited in the joint bank account.

After testimony as to the bank accounts and after hearing the testimony of the petitioners (appellants), and the testimony of some seven witnesses for the defendants or respondents, the chancellor held that "the evidence thus far throws no light on this proposition," referring to the ownership of the funds. Thereafter, the only testimony produced was that of the vice-president of the depository bank who testified that the will of Mr. Barrow and the time certificates were kept, and found, together after the death of Mr. Barrow, in a box in the bank's vault, and that the certificates were renewed in Mrs. Barrow's name.

Miss Ida E. Barrow testified that she had lived with Mr. and Mrs. Barrow and took care of their home while

they operated a store. This store was considered by her to belong to Mr. Barow, but they "ran it together," and witness stated "I guess she had as much right in the store as he did, they didn't divide nothing, they both went as one, whatever he said went with her."

B. F. Coleman testified that he knew the contents of Mr. Barrow's will, and upon cross-examination sought to explain the respective estimates of the value of the two estates of both of which he was appointed administrator, and prepared inventories. We need not decide the asserted issue of estoppel arising out of these circumstances.

We need only add that appellees' argument seeks favorable inferences from the incident that the legacy of $10,000 to Ida E. Barrow could have been made under no other assumption than that Mr. Barrow considered the time certificates to be his own. Yet the will was written approximately 17 years before testator's death. What his financial position was at that time is not shown, nor that the funds so invested were other than the joint earnings of both husband and wife.

The test is not that applicable to gifts as it appears to have been adjudged by the learned chancellor. Appellants' theory was that the account was joint and that it was immaterial whose funds were originally so deposited. In re Lewis Estate, supra. The finding that the joint account was created only "for the convenience in handling the Estate of Mr. Barrow and for his sole benefit and was not intended as a gift" borrows from the Lewis case only part of its shadow and ignores its substance. There is no evidentiary support for the assumption that the original deposit was made with funds belonging only to Mr. Barrow.

We do not think that appellee's proof can prevail against the statutory presumption supported as it is by evidence more substantial than that adduced by appellees.

We decide only the issue of the ownership of these funds and amend the decree only to that extent.

Reversed and decree for appellants.