## Myers *v.* Laird, et al.

No. 40443 March 25, 1957 93 So. 2d 828

*Watkins & Watkins, Breed O. Mounger,* Tylertown, for appellant.

*Roach & Jones*, McComb; *J. M. Alford*, Tylertown, for appellees.

ETHRIDGE, J.

This case involves questions of whether there was a valid delivery of a deed in escrow to a depositary, and whether a surviving husband's separate estate is equal in value to a one-half portion of his deceased wife's estate, so that he cannot renounce her will, which made no provision for him. Both of these inquiries are answered in the affirmative.

Mrs. Fannie B. Regan Myers, a widow (at that time she was Mrs. Regan), made her last will and testament on January 7, 1950. By it she devised to appellee Jerry Nell Laird, her niece, an eighty-acre farm in Walthall County, and bequeathed all of her personal property to

appellee Ellis Brumfield, her brother and executor, and the father of Jerry Nell.

On February 3, 1950, Mrs. Myers signed and acknowledged a warranty deed which conveyed to Jerry Nell Laird her eighty-acre farm, and reserved a life estate in the grantor. Mrs. Myers placed this deed in a white envelope and sealed it. She then wrapped it in brown paper and took it to her brother, Ellis Brumfield. She advised him that this was a deed of her land to Jerry Nell, ''and I want you to keep it and when I pass away it is hers''; ''you keep it until my death and deliver it to her:'' Brumfield left the deed in the envelope and placed it in a chifferobe drawer in his house, where he kept it until the death of Mrs. Myers on April 23, 1954. After her death, he delivered the deed to Jerry Nell, and it was recorded.

Mrs. Myers had a lockbox in the Tylertown Bank. When she handed the deed to her brother, she also gave him a key to the lockbox, which contained a joint certificate of deposit payable to her or her brother, and her will. She did not tell him to place the deed in the lockbox.

After she had made her will and later the deed to Jerry Nell, Mrs. Fannie B. Regan married the appellant H. H. Myers, on March 1, 1950. Appellant had also been married before, and had five children living in Gretna, Louisiana. Appellant and Mrs. Myers lived on the lands in which she had reserved a life estate in the deed to Jerry Nell, and were living there at the time of her death.

This appeal involves two consolidated cases. In one Jerry Nell Laird sued appellant to confirm her title to the land and to remove the cloud asserted by appellant. The other is a contest between Ellis Brumfield, appellee, executor of the estate of Mrs. Myers, and the appellant, for the possession of the personal property of Mrs. Myers. The chancery court held for complainants and against appellant in both cases.

 ██ There was a valid delivery of the deed from Mrs. Myers to appellee Jerry Nell Laird by its delivery to Brumfield as the depositary and agent for the grantee. The general rule is set forth in 26 C. J. S., Deeds, Sec. 46:

 ██ ''The delivery of a deed by the grantor to a third person to be held by him and delivered to the grantee on the grantor's death will operate as a valid delivery, where there is no reservation on the part of the latter of any control over the instrument, and under such circumstances it is usually held that the deed takes effect from the first delivery. On the other hand, the grantor must surrender dominion and control over the title, and, if a power to recall the deed is reserved by him, there is, according to the great weight of authority, no effectual delivery and the deed cannot take effect, even though it comes into the manual custody of the grantee and is unauthorizedly recorded. . . . . . the intention of the grantor to part with the title, as evidenced by the circumstances surrounding the transaction, affords the true test; and such intention must be established as of the time of delivery to the depositary. . . .''

16 Am. Jur., Deeds, Sec. 143, says: ''It is well established that an effective legal delivery of a deed may be made by the grantor's manual delivery of the deed to a third person, with directions to the latter to hold the deed during the lifetime of the grantor and upon the latter's death to deliver it to the grantee, intending at the time of the delivery to the custodian to part forever with all right or power thereafter to repossess, retake, or control the deed. Such a delivery is effectual to convey title to the grantee upon the grantor's death, although the grantee is not aware of the delivery until after the grantor's death, and the grantor cannot after making such delivery to a third person recall, revoke, or modify

the deed without the consent of the grantee, although the deed is gratuitous. . . ."

The leading Mississippi case recognizing this rule is Hall v. Waddill, 78 Miss. 16, 26-27, 27 So. 936 (1900), although there it was held that the grantor did not part with full control of the instrument. See McLendon v. Laird, 211 Miss. 662, 52 So. 2d 497 (1951). Wilson v. Bridgforth, 108 Miss. 199, 209-212, 66 So. 524 (1914), and Beasley v. Beasley, 177 Miss. 522, 535, 171 So. 680 (1936), held that under the pertinent facts there was a valid delivery to a third person to be held by him and delivered to the grantee on the grantor's death. Those cases are controlling here. The cases relied upon by appellant are distinguishable on their facts as not falling within the requirement that the grantor in delivering the deed to the depositary must part with all dominion over the deed, which is not subject to recall. See Weisinger v. Cocke, 67 Miss. 511, 7 So. 495 (1890); Barner v. Lehr, 190 Miss. 77, 199 So. 273 (1940); Ladner v. Moran, 190 Miss. 826, 1 So. 2d 781 (1941).

Mrs. Myers delivered her deed to Jerry Nell to her brother, Ellis Brumfield, to hold until her death, and then to give it to Jerry Nell. The only two witnesses to this transaction were Brumfield and his wife. Their testimony is undisputed that the grantor reserved no right to recall the deed, and that she made an unequivocal delivery of it to Brumfield to hold the same for Jerry Nell. Nor is any inference of an intent to recall the deed warranted by the mere fact that Mrs. Myers at the same time gave her brother a key to her lockbox. She did not ask that the deed be placed in the lockbox. The gift of the key is explained, because the lockbox contained a joint certificate of deposit, and also her will, of which the brother was executor. So the chancery court properly found that the deed was validly delivered and effec-

tive as a conveyance of the land to Jerry Nell, and that appellant's claim to the land should be cancelled.

The trial court also held that appellee Ellis Brumfield, executor, was entitled to possession of the personal property. Appellant contends that, since the will made no provision for him, it was impliedly renounced by him under Code of 1942, Sec. 669. Where a husband can properly renounce his wife's will, and there are no children, he is entitled to one-half of the estate of his deceased wife. Code Sec. 668. However, the right of a husband to renounce is qualified by Code Sec. 670, which expressly applies also to a husband renouncing the will of his wife. That act states:

"In case the wife have a separate property at the time of the death of her husband, equal in value to what would be her lawful portion of her husband's real and personal estate, and he have made a will, she shall not be at liberty to signify her dissent to the will, or to renounce any provision or bequest therein in her favor, and elect to take her portion of his estate. But if her separate property be not equal in value to what would be the value of her portion of her husband's estate, then she may signify her dissent to the will, as in other cases provided by law, and claim to have the deficiency made up to her, notwithstanding the will; . . . ."

Pursuant to Sec. 670 the chancery court appointed three commissioners, who made valuations of the separate estates of Mrs. Myers and appellant. With respect to the estate of Mrs. Myers, there was a certificate of deposit in the Tylertown Bank payable to "Fannie B. Regan or Ellis Brumfield." Upon the death of Mrs. Myers, this deposit became the property of Ellis Brumfield, and was no portion of her estate. Code Sec. 5205; Edwards v. Jefcoat, 92 So. 2d 342, 348 (Miss. 1957); Stewart v. Barksdale, 216 Miss. 760, 63 So. 2d 108 (1953). The appraisal of the commissioners

also set forth a number of U. S. Series E Savings Bonds, which were payable jointly to Mrs. Myers or some third person designated therein. These Series E Bonds were not a portion of her estate. Upon her death, the surviving co-owners of the bonds became the sole and absolute owners. Ex Parte Little, 259 Ala. 532, 67 So. 2d 818 (1953). In summary, Mrs. Myers' estate did not include the values of the real estate, the joint certificate of deposit, and the Series E Savings Bonds payable to her or another.

 With reference to the valuation of the estate of appellant, the chancery court was amply warranted in finding, as we assume it did, that appellant did not in fact convey his one-half interest in the Louisiana property to his children in 1951, before the death of Mrs. Myers, but that he gave his children this property by an act of donation after his wife's death. Hence the value of appellant's one-half interest in the Louisiana property, less one-half of the outstanding mortgage loan, should be included in the valuation of his separate estate along with the value of his personal property. When these several factors are considered with reference to the values of the separate estates of Mrs. Myers and of appellant, it is manifest that he is precluded by Code Sec. 670 from renouncing his wife's will, since his separate property at the time of her death was more than equal in value to what would have been his lawful portion of her estate.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.