358 So.2d 709 (1978)
Doyle THOMAS
v.
ESTATE of Mrs. Ruby EUBANKS, Deceased, Miss Lottie Thomas, Administratrix and the Mechanics Savings Bank.
No. 50234.
Supreme Court of Mississippi.
May 3, 1978.
Gibson & Newlin, Donald F. Newlin, Bruce, for appellant.
Moore & Moore, Paul M. Moore, Sr., Calhoun City, for appellees.
Before SUGG, WALKER and COFER, JJ.
SUGG, Justice, for the Court:
This appeal involves the question of whether a certificate of deposit payable to the order of two persons in the alternative created a joint account with the right of survivorship. On April 6, 1973 the Mechanics Bank of Water Valley, Mississippi issued a certificate of deposit in the amount of $14,000 payable as follows:

*710 Mrs. Ruby Eubanks has deposited in this Bank $14,000.00 payable to the order of herself or Doyle Thomas in current funds 12 months after date on the return of this certificate properly endorsed with interest at 5% per cent, per annum.
Doyle Thomas filed suit in the Chancery Court of Calhoun County against the Administratrix of the Estate of Mrs. Ruby Eubanks and the Mechanics Savings Bank of Water Valley and claimed ownership of a certificate of deposit that was in the possession of Mrs. Eubanks at the time of her death. The chancery court held the certificate to be part of the estate, there having been no completed gift to Doyle Thomas. We agree with the chancery court.
At the time of Mrs. Eubanks' death the certificate was in her possession and was cashed by the administratrix of her estate on April 6, 1974 before Thomas filed his suit. The proceeds of the certificate thus passed from the Mechanics Bank which had no further liability on the certificate because it paid the proceeds to the administratrix. Sections 75-3-603 and 81-5-63 Mississippi Code Annotated (1972).
A final decree in the estate of Mrs. Eubanks was signed on November 14, 1974 directing that the proceeds of the certificate of deposit which had been collected by the administratrix be retained by the administratrix pending further orders of the court. Thomas filed his bill of complaint on July 5, 1974. The administratrix and the Mechanics Bank filed their answers which included affirmative defenses and a plea in bar. The case was heard on the plea in bar on November 10, 1976 resulting in a decree of November 17, 1976 adjudging that the certificate was a part of the estate of Mrs. Eubanks.
Thomas contends that he was entitled to the certificate of deposit under the provisions of section 81-5-63 Mississippi Code Annotated (1972).[1] The appellees contend that the administratrix of Mrs. Eubanks' estate was the holder of the certificate of deposit and had the right to cash it under the provisions of the Uniform Commercial Code. We are faced with the problem of reconciling section 81-5-63 Mississippi Code Annotated (1972) with the Uniform Commercial Code insofar as the Uniform Commercial Code affects certificates of deposit. In the case of Surles v. State of Miss., 357 So.2d 319 (Miss., handed down April 12, 1978) we stated:
It is well settled that `... statutes which deal with the same subject matter, although in apparent conflict, should, so far as reasonably possible, be construed in harmony with each other so as to give force and effect to each ...' McCullen v. State ex rel. Alexander, 217 Miss. 256, 267, 63 So.2d 856 (1953). We also have stated that `[t]he words, phrases and sentences of a statute are to be understood as used, not in any abstract sense, but with due regard to the context, and in that sense which best harmonizes with all other parts of the statute.' State ex rel. Patterson v. Board of Supervisors of Warren County, 233 Miss. 240, 271-72, *711 102 So.2d 198 (1958), quoting 82 C.J.S. Statutes § 348 (1953).
If we adopt the contention of Thomas, then provisions of the Uniform Commercial Code pertaining to certificates of deposit would be rendered meaningless. In order to resolve this question we should first examine our decisions relating to section 81-5-63.
One of our decisions under 81-5-63 holds that where a deposit is made in the name of two persons, payable to either, the statutory presumption, in absence of evidence to the contrary, is sufficient to establish right of survivor to the deposit. Re Lewis, 194 Miss. 480, 13 So.2d 20 (1943). This case dealt with an ordinary checking account in a bank and overruled Godwin v. Godwin, 141 Miss. 633, 107 So. 13 (1926).
In Leverette v. Ainsworth, 199 Miss. 652, 23 So.2d 798 (1946) we held that money deposited to the credit of depositor's mother subject to check by the depositor only belonged to his estate upon his death in the absence of substantial evidence that depositor clearly intended to create an account with essential elements of joint ownership and supervivorship. F.M. Leverette deposited $5100 to the credit of his mother, and the deposit slip which evidenced the deposit showed that the deposit was to the credit of Mrs. Annie C. Leverette, the depositor's mother, but it bore the notation on its face made by the cashier at the direction of the depositor as follows:
`This A/C subject to check by F.M. Leverette at any time,' and the signature card, contemporaneously taken to cover the account, carried the statement: `Authorized signatures, F.M. Leverette, subject to check by F.M. Leverette at any time.'
The Court stated:
F.M. Leverette died on April 4, 1944, and appellee was duly appointed administratrix of his estate. On May 10, 1944, she filed her bill as administratrix to have the deposit declared the property of the estate. Upon final hearing a decree was entered in accordance with the prayer of the bill, and we think the court was correct.
It is well settled that a person may make a gift in severalty to another by making a deposit of the subject of the gift in a bank to the credit of the donee provided the donor in so doing retains no such control over the deposit as will enable him to withdraw it for his own personal uses or purposes. If he retains a control such as mentioned, and as was retained in the present case, the transaction will be ineffective as a gift in severalty and the deposit will remain the property of the depositor. Meyer v. Meyer, 106 Miss. 638, 64 So. 420; Yates' Estate v. Alabama-Mississippi Conference Ass'n, 179 Miss. 642, 176 So. 534; Smith v. Taylor, 183 Miss. 542, 184 So. 423; 32 Am.Jur. Gifts, Sec. 101; 38 C.J.S. Gifts § 49.
It is equally well settled that a person may make a gift in joint tenure by making a deposit of the subject of the gift in a bank in such a manner that it shall stand to the credit, as joint owners, of the donor and the donee, as where, for illustration, John Doe makes a deposit to the credit of `John Doe or Richard Roe,' which under the statute, Section 5205, Code 1942, Section 3809, Code 1930, would raise the presumption that the deposit was intended to be in joint ownership, and by the further force of the statute, subject to withdrawal by either of the joint owners. Precise form is not essential if and when formal deficiencies are supplied by definite proof; so that when the facts, well proved, are sufficient to disclose that there was a clear intention to create a right which embraces the essential elements of joint ownership and survivorship in respect to the particular bank deposit, or account, the intention so proved will be given effect and the survivor held entitled to the fund. Stephens v. Stephens, 193 Miss. 98, 8 So.2d 462; In re Lewis' Estate, 194 Miss. 480, 13 So.2d 20. (199 Miss. at 656, 657, 23 So.2d at 799).
The Court held that the reasonable inferences to be drawn from the evidence indicated that the depositor did not intend to *712 create an account which embraced the essential elements of joint ownership and survivorship, but that he intended exactly what he did, namely, to make an ostensible deposit in the sole name of another retaining dominion over it for his own uses.
In Shearin v. Coleman, 201 Miss. 193, 28 So.2d 841 (1947), suggestion of error overruled March 17, 1947, we held that a checking account in the name of Mr. or Mrs. J.H. Barrow created joint ownership with the right of survivorship in an account under the provisions of section 5205 Mississippi Code Annotated (1942). We also held that three time certificates issued to Mr. or Mrs. J.H. Barrow, payable to the order of either, or survivor, also created the presumption that the time certificates created joint ownership with the right of survivorship under section 5205.
In Myers v. Laird, 230 Miss. 675, 93 So.2d 828 (1957) we held that a certificate of deposit payable to Fannie B. Regan[2] or Ellis Brumfield became the property of Ellis Brumfield upon the death of Mrs. Myers and was no portion of her estate.
Mrs. Fannie B. Regan Myers executed a warranty deed which conveyed to her niece, Jerry Nell Laird, an 80 acre farm and reserved a life estate in the grantor. Mrs. Myers took the deed to her brother, Ellis Brumfield, and advised him that it was a deed to Jerry Nell Laird with instructions to keep it to be delivered after her death. Mrs. Myers had a lock box in the Tylertown Bank and when she handed the deed to her brother, she also gave him a key to the lock box which contained a joint certificate of deposit payable to her or her brother. She did not tell him to place the deed in the lock box. When Mrs. Myers gave her brother a key to the lock box this constituted constructive delivery of the certificate of deposit to her brother.
The only two cases involving certificates of deposit are Shearin and Myers. In Shearin the certificates of deposit were issued in the name of Mr. or Mrs. J.H. Barrow, payable to the order of either, or survivor; in Myers, the certificate of deposit was delivered to the surviving payee. Both cases are different factually from the case at bar and were decided before the Uniform Commercial Code was adopted.
The certificate of deposit in the case before the Court represented a deposit of $14,000 by Mrs. Eubanks. It was payable to her or Thomas and contained no reference to survivorship rights. Appellees argue that, unlike deposits in checking or savings accounts in banks, which are controlled by section 81-5-63 Mississippi Code Annotated (1972) certificates of deposit are controlled by the provisions of the Uniform Commercial Code.
Section 75-3-104 Mississippi Code Annotated (1972) provides in part as follows:
(1) Any writing to be a negotiable instrument within this chapter must
(a) be signed by the maker or drawer; and
(b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this chapter; and
(c) be payable on demand or at a definite time; and
(d) be payable to order or to bearer.
(2) A writing which complies with the requirements of this section is
.....
(c) a `certificate of deposit' if it is an acknowledgment by a bank of receipt of money with an engagement to repay it;
.....
(3) As used in other chapters of this code, and as the context may require, the terms `draft,' `check,' `certificate of deposit' and `note' may refer to instruments which are not negotiable within this chapter as well as to instruments which are so negotiable.
The certificate of deposit at issue is a negotiable instrument under the foregoing section. It was signed by the maker, contained an unconditional promise to pay a *713 sum certain of money, was payable at a definite time, was payable to order, and was an acknowledgment by the Mechanics Bank of receipt of money with an engagement to repay it. We agree with appellees that the Uniform Commercial Code controls certificates of deposit which meet the requirements of the foregoing section. To hold otherwise, section 75-3-104 of the Uniform Commercial Code would be meaningless.
Negotiable instruments payable to two or more persons in the alternative, in this case the certificate of deposit, may be negotiated, discharged, or enforced by the holder as provided by section 75-3-116 Mississippi Code Annotated (1972). The section follows:
An instrument payable to the order of two (2) or more persons
(a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;
(b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.
At the trial it was stipulated that the certificate of deposit was in the possession of Mrs. Eubanks at the time of her death. It had not been negotiated by her to Thomas in accordance with section 75-3-202 Mississippi Code Annotated (1972). It was in her possession as a holder in due course[3] therefore it was her property when she died and became an asset of her estate under section 91-7-91, Mississippi Code Annotated (1972).[4]
Thomas also contends that the court erred when it refused to hear witnesses in his behalf on the plea in bar. It was stated by the attorney for Thomas in open court that he had witnesses present and was prepared to offer testimony on the plea in bar that Mrs. Eubanks tendered the certificate of deposit to Thomas during her lifetime and that she stated on two occasions to a disinterested third party that the proceeds represented by the certificate were his property. Thomas' argument under this assignment of error raises the question of whether there was an actual or constructive delivery of the certificate to him during the lifetime of Mrs. Eubanks. We are unable to ascertain from this stipulation whether Thomas claimed the certificate as a gift inter vivos or as a gift causa mortis. However, it does not matter which type gift Thomas was claiming because delivery and relinquishment of control are requisites of both gifts inter vivos and causa mortis.
The requirements necessary to constitute a gift inter vivos were stated in Jenkins v. Jenkins, 278 So.2d 446 (Miss. 1973) as follows:
A donor competent to make a gift, a voluntary act on his part with the intention to make a gift, the gift must be complete with nothing left to be done, the property must be delivered by the donor and accepted by the donee and the gift must be gratuitous and irrevocable. (278 So.2d at 449).
A delivery either actual, constructive, or symbolical is an element essential to the validity of a gift causa mortis. Johnson v. Grice, 140 Miss. 562, 106 So. 271 (1925); Pace v. Pace, 107 Miss. 292, 65 So. 273 (1914). Yates' Estate v. Ala. Miss. Conf. Ass'n, held that one of the essentials of a valid gift causa mortis, as well as a gift inter vivos, is that the property must be delivered in such manner that the donor retains no control or dominion over it.
*714 The chancellor did not err when he refused to hear the proffered testimony because tender by Mrs. Eubanks of the certificate of deposit would not constitute delivery and relinquishment of control by her. Neither would proof that Mrs. Eubanks told a disinterested third party that the proceeds of the certificate were the property of Thomas constitute delivery and relinquishment of control by her. The proffered testimony was not sufficient to show either a valid gift inter vivos or causa mortis.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] When a deposit has been made or shall hereafter be made in the name of two (2) or more persons, payable to any one (1) of such persons, or payable to any one (1) of such persons or the survivor, or payable to any one (1) of such persons or to any one (1) of the survivors, such deposit or any part thereof or interest or dividends thereon, may be paid to any one (1) of the said persons whether one (1) or more of said persons be living or not, and the receipt of acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank for any payment so made. Any bank may pay to the nearest relative of a deceased depositor, without necessity of administration, any sum to the credit of the decedent not exceeding one thousand dollars ($1,000.00). This section shall apply to all banking institutions, including banks and postal savings banks within the state.

The above section was first enacted as Section 43, Chapter 146 Mississippi General Laws of 1934 and appeared in the Mississippi Code Annotated of 1942 as Section 5205. It was amended by Chapter 250, Mississippi General Laws of 1966 and by Chapter 316, Section 10-105 Mississippi General Laws of 1966. Chapter 316 is the Uniform Commercial Code. Chapter 251 Mississippi General Laws of 1968 repealed Section 5205, Chapter 250 Mississippi General Laws of 1966 and Section 10-105, Chapter 316 Mississippi General Laws of 1966. Section 1 of Chapter 251 Laws of 1968 is the same as Section 81-563 set forth above.
[2] Mrs. Regan later married H.H. Myers and was survived by him.
[3] Section 75-3-302 Mississippi Code Annotated (1972).

The fact that Mrs. Eubanks was named as a payee in the certificate along with Thomas did not affect her status as a holder in due course. Section 75-3-302(2). Ricks v. Bank of Dixie, 352 So.2d 798 (Miss., 1977).
[4] Section 91-7-91 provides in part as follows:

The goods, chattels, personal estate, choses in action, and money of the deceased, or which may have accrued to his estate after his death from the sale of property, real, personal, or otherwise, and the rent of lands accruing during the year of his death, whether he died testate or intestate, shall be assets and shall stand chargeable with all the just debts, funeral expenses of the deceased, and the expenses of settling the estate.