THOMAS W. CARROLL, an Infant, by MARY CARROLL, His Guardian ad Litem, Respondent, v. DOROTHY SMITH, Appellant.

Third Department, May 8, 1930.

*James V. Coffey*, for the appellant.

*Frederick C. Filley* [*John T. Norton* of counsel], for the respondent.

DAVIS, J. The plaintiff has judgment for the conversion of money deposited by defendant in the name of Thomas Carroll in the Albany Savings Bank which she later withdrew, signing that name to the withdrawal check.

Deposits of $2,453.58 and $1,293.50 were made respectively on June 1 and July 2, 1923. The other items on the bank book were those of interest. The withdrawal of the total sum, $4,105.89, was made on July 2, 1925. The defendant says, in substance, that the name " Thomas Carroll " was a fictitious one which she used because she already had an account in the same bank in her own name and this additional deposit would exceed the legal limit. However, a " ledger card " containing the depositor's address, " 214 Lincoln Ave., Troy," was left with the bank as the rules apparently required; and it would seem that no one other than defendant could have filled out this card. This address was that of her nephew, the plaintiff.

When the account was closed by the withdrawal, the bank, evidently in accordance with its routine, sent a notice which the plaintiff received at the address given. It was the first that he or his mother knew there was an account in the bank in his name. This naturally promoted inquiry and stimulated recollection. When defendant was asked about the transaction by her sister and nephew, Mary and Thomas Carroll, she evidently was not entirely frank in her explanations. This litigation was the result.

The father and mother of Mary Carroll and the defendant were Thomas and Mary Smith. Thomas Smith owned a house in Troy and he and his wife had a joint account in the Albany Savings Bank payable to the survivor. The amount to their credit on April 11, 1922, was $3,315.31. Mary Smith had a separate account in the same bank amounting January 1, 1923, to $3,606.42. Thomas Smith died

in January, 1922, leaving by will all his property to his wife. Mary Smith died in February, 1924. The defendant and another daughter resided with their parents during their respective lifetimes.

The plaintiff is not claiming the fund once deposited in his name as a gift from Dorothy Smith. As has been said, he never knew about it until after the money was withdrawn. Assuming that the " Thomas Carroll " named in the bank book as depositor and the plaintiff are identical, sections 148, 198 and 249, subdivision 1, of the Banking Law give him only presumption of title. It is competent to prove the intention and purpose with which the deposit was made. (*Moskowitz* v. *Marrow*, 251 N. Y. 380.) The defendant very clearly established that both deposits were made from her own funds, without intent to part with the title thereof.

The claim of the plaintiff is that his grandmother gave him the definite sum represented by the two deposits amounting to $3,747.08. The testimony of Mary Carroll is in substance that Mrs. Smith, after her husband's death, told her that she would provide money to educate Thomas and she would leave money for him and had already left money for him. No definite sum was mentioned, nor is it clear whether the money was to be left by will or gift. The real basis of plaintiff's claim is a gift from his grandmother. There is no claim that it was a gift *causa mortis*. To establish a gift *inter vivos* it is necessary that there should be either a writing relinquishing title in the donor and transferring it to the donee consummated by delivery of the instrument, or a delivery of the subject of the gift to the donee, or to some person for him so as to divest the possession and title of the donor. Declarations of intent are not sufficient. (*Young* v. *Young*, 80 N. Y. 422; *Matter of Van Alstyne*, 207 id. 298; *Farmers' L. & T. Co.* v. *Winthrop*, 238 id. 477; *Vincent* v. *Rix*, 248 id. 76.) As the case stands, the purported gift of the grandmother to her grandson was promissory and executory in its nature. There was, so far as it appears, no delivery either actual or symbolical of any sum of money to plaintiff or to any one in his behalf. It does not appear what disposition was made of the property of Mary Smith after her death. Withdrawals on January 2, 1926, from the two Smith bank accounts do not indicate any relation in time or amount with the deposits earlier made by Dorothy Smith in the name of Thomas Carroll. If Mary Smith, in pursuance of her declared purpose to provide for the education of Thomas Carroll, gave it legal effect by providing for him in her will or by delivering a sum of money to any of her daughters or any other person, that fact is not disclosed in the evidence.

The cause of action for the conversion of a gift by the grand-

mother is not sustained by the evidence. The judgment and order should, therefore, be reversed on the law and the facts, and a new trial granted, with costs to the appellant to abide the event.

HINMAN, Acting P. J., WHITMYER, HILL and HASBROUCK, JJ., concur.

Judgment and order reversed on the law and the facts, and new trial granted, with costs to the appellant to abide the event.