SMITH *v.* TAYLOR.

(Division B. Nov. 21, 1938. Suggestion of Error Overruled Jan. 2, 1939.)

[184 So. 423. No. 33383.]

N. S. Sweat, of Corinth, for appellant.

Chester L. Sumners, of Corinth, for appellee.

Argued orally by **N. S. Sweat**, for appellant, and **Chester L. Sumners**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This suit was filed by G. C. Taylor on notes purchased from the First National Bank of Corinth, Mississippi, and as assignee of judgments and mortgage securing the same, and against J. S. Smith, Mrs. Amanda Smith, E. C. Smith and W. T. Smith on said notes and judgments, and against W. T. Smith, Jr., S. C. Wilbanks and J. E. Calvery, asking that certain gin machinery, etc., which was claimed to be subject to a deed of trust executed by W. T. Smith to the First National Bank of Corinth to secure a certain indebtedness therein mentioned; which indebtedness and deed of trust were assigned by the receiver of the First National Bank to the said G. C. Taylor. The Complainant asked that a decree be rendered, giving the said Taylor a judgment against J. S. Smith, Mrs. Amanda Smith, E. C. Smith, and W.

T. Smith on all the notes and judgments sued on, and that the property described in the deed of trust, including the property claimed by the said W. T. Smith, Jr., S. C. Wilbanks and J. E. Calvery, be held as security for all the said indebtedness of W. T. Smith, Sr., and that a receiver be appointed to take charge of the gin machinery in question, pending the final disposition of the suit.

By agreement of counsel, W. T. Smith, Jr., executed a bond for rent of the property in controversy in lieu of appointment of a receiver, pending the final disposition of the cause. Upon the hearing a decree was rendered in favor of G. C. Taylor in all matters prayed for in his bill of complaint, from which decree W. T. Smith, Jr., appeals. S. C. Wilbanks, J. E. Calvery, W. T. Smith, Sr., J. S. Smith, Mrs. Amanda Smith and E. C. Smith did not appeal, but waived process, and appear in this Court.

W. T. Smith, Jr., the appellant in this case, claims that the gin machinery and press located upon the leased premises, and embraced in a deed of trust given by W. T. Smith, Sr., to the bank to secure his indebtedness to the bank, belongs to him. Some years ago W. T. Smith, Sr., owned a certain tract of land which he and W. T. Smith, Jr., claimed he had verbally given to the latter, the said W. T. Smith, Sr., at that time being solvent, owing no debts and having other property amounting in value to $6,000, including his homestead.

The purpose of the verbal gift, as W. T. Smith, Sr., and W. T. Smith, Jr., testified, was that the latter wished to farm, not then desiring to go to college. W. T. Smith, Sr., had a daughter, sister of W. T. Smith, Jr., who had finished college, and there were five other children of his to whom no property appears to have been given. No deed to this property was ever executed, but thereafter, prior to the giving of the deed of trust, W. T. Smith, Sr., sold the property for $4,000, and placed the money in the bank in the name of W. T. Smith, Jr., it being

claimed that W. T. Smith, Jr., had changed his mind and decided to go to college. There was no pass book, or evidence of any kind, that the deposit had been delivered to W. T. Smith, Jr.; and the money thereafter was checked out in part by W. T. Smith, Sr., it being contended that W. T. Smith, Jr., gave him permission to sign the check, drawing on the funds in the bank which had been deposited in the name of the latter, this being a loan from W. T. Smith, Jr., to W. T. Smith, Sr. Some of the money in the bank was used in paying the college expenses of W. T. Smith, Jr.

W. T. Smith, Sr., obtained a lease to certain land on which was a boiler and engine, part of a gin which had burned down. J. S. Smith, brother of W. T. Smith, Sr., had practical knowledge and experience in the operation of gins, so they decided to buy a gin and press, the money for the purchase of which was drawn from the sum deposited in the bank to the credit of W. T. Smith, Jr.; the latter claimed to be the purchaser thereof, the gin and press being bought from a gin company, in Birmingham, Alabama, W. T. Smith, Sr., W. T. Smith, Jr., and J. S. Smith being present when this property was purchased.

Subsequent to this transaction the deed of trust was given by W. T. Smith, Sr., the security being the lease, and the boiler, engine and other machinery on the land; there being upon the leased premises at the time the gin and its appurtenances involved here.

We think the evidence in the case produced before the Chancellor was sufficient to warrant him in finding that the property was, in fact, the property of W. T. Smith, Sr. No conveyance was alleged to have been given W. T. Smith, Jr., by his father. W. T. Smith, Sr., and the title to the land never passed to the former.

By section 2111, Code of 1930, it is provided that, "An estate of inheritance or freehold, or for a term of more than one year, in lands shall not be conveyed from one to another unless the conveyance be declared by writing

signed and delivered." This statute is different from the statute of frauds, which provides to the like effect that no action shall be brought, etc., for lands, unless the contract be in writing, signed and delivered—consequently there was no estate in the land passed by a verbal gift.

By section 3348, Code of 1930, under the statute of frauds, it is provided: "Hereafter all declarations or creations of trusts or confidence of or in any land shall be made and manifested by writing, signed by the party who declares or creates such trust, or by his last will, in writing, or else they shall be utterly void; and every writing declaring or creating a trust shall be acknowledged or proved as other writings, and shall be lodged with the clerk of the chancery court of the proper county to be recorded, and shall only take effect from the time it is so lodged for record; but where any trust shall arise or result, by implication of law, out of a conveyance of land, such trust or confidence shall be of the like force and effect the same as it would have been if this statute had not been passed."

So there was neither title to the land, nor trust therein created in conformity to these statutes. We think the mere depositing of the money in the bank in the name of W. T. Smith, Jr., by W. T. Smith, Sr., with no further action, was ineffective to constitute a gift. Furthermore, there was sufficient evidence to show that W. T. Smith, Sr., retained control of such deposit, checked against it, and used the money. It is true that he and his son testified that the latter, in specific cases, consented to the drawing of such checks by W. T. Smith, Sr. But there was never a compliance with the law requiring that there must be a delivery to constitute a valid gift of chattels.

Without enlarging upon the evidence, we think it was sufficient to justify the Chancellor's finding, and the judgment is affirmed.

Affirmed.