LEVERETTE v. AINSWORTH.

(In Banc. Nov. 26, 1945. Suggestion of Error Overruled Jan. 14, 1946.)

[23 So. (2d) 798. No. 35967.]

**S. C. Mims** and **Cowles Horton**, both of Grenada, for appellant.

**Roberson & Luckett**, of Clarksdale, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Immediately prior to the transaction here directly involved, F. M. Leverette had been having some difficulties which had incited him to shift his bank accounts, and which culminated in his making a deposit on December 11, 1943, in the Grenada Trust & Banking Company of $5,100 to the credit of his mother, the appellant here. The deposit slip which evidenced this deposit showed that the deposit was to the credit of Mrs. Annie C. Leverette, but it bore the notation on its face made by the cashier at the direction of the depositor as follows: "This A/C subject to check by F. M. Leverette at any time," and the signature card, contemporaneously taken to cover the account, carried the statement: "Authorized signatures, F. M. Leverette, subject to check by F. M. Leverette at any time."

F. M. Leverette died on April 4, 1944, and appellee was duly appointed administratrix of his estate. On May 10, 1944, she filed her bill as administratrix to have the deposit declared the property of the estate. Upon final hearing a decree was entered in accordance with the prayer of the bill, and we think the court was correct.

It is well settled that a person may make a gift in severalty to another by making a deposit of the subject of the gift in a bank to the credit of the donee provided the donor in so doing retains no such control over the deposit as will enable him to withdraw it for his own personal uses or purposes. If he retains a control such as mentioned, and as was retained in the present case, the transaction will be ineffective as a gift in severalty and the deposit will remain the property of the depositor. Meyer v. Meyer, 106 Miss. 638, 64 So. 420; Yates' Estate v. Alabama-Mississippi Conference Ass'n, 179 Miss. 642, 176

So. 534; Smith v. Taylor, 183 Miss. 542, 184 So. 423; 32 Am. Jur. Gifts, Sec. 101; 38 C. J. S., Gifts, sec. 49.

It is equally well settled that a person may make a gift in joint tenure by making a deposit of the subject of the gift in a bank in such a manner that it shall stand to the credit, as joint owners, of the donor and the donee, as where, for illustration, John Doe makes a deposit to the credit of "John Doe or Richard Roe," which under the statute, Section 5205, Code 1942, Section 3809, Code 1930, would raise the presumption that the deposit was intended to be in joint ownership, and by the further force of the statute, subject to withdrawal by either of the joint owners. Precise form is not essential if and when formal deficiencies are supplied by definite proof; so that when the facts, well proved, are sufficient to disclose that there was a clear intention to create a right which embraces the essential elements of joint ownership and survivorship in respect to the particular bank deposit, or account, the intention so proved will be given effect and the survivor held entitled to the fund. Stephens v. Stephens, 193 Miss. 98, 8 So. (2d) 462; In re Lewis' Estate, 194 Miss. 480, 13 So. (2d) 20.

As we understand the argument of appellant, it is that the facts of the case at bar bring it within the rule outlined in the next preceding paragraph, the argument being that inasmuch as the credit in her name made the deposit subject to the check of the mother, and the deposit contract made it subject also to the check of the son, this was enough to create in them a joint ownership. Conceding for the sake of the argument, but for that purpose alone, that the deposit could have been checked upon by the mother, there are so many arrangements, and of such variety, with no other purpose than of convenience, wherein bank accounts are made subject to the check of two or more persons as to preclude an announcement that such an arrangement is within itself the evidence of a joint ownership. The account must be either in a form such as has been illustrated above, or in similarity thereto,

or else the intention to create a joint ownership account must be well proved aliunde.

We do not see any substantial evidence aliunde, leaving aside conjecture as must be done, which would uphold a finding that the depositor clearly intended to create an account which embraced the essential elements of joint ownership and survivorship. On the contrary, the reasonable inferences to be drawn from two features sufficiently developed in the record would indicate that he did not so intend, but that he intended exactly what he did, namely, to make an ostensible deposit in the sole name of another retaining dominion over it for his own uses.

Affirmed.