MAIER, ADMR. *v.* HILL.

May 10, 1954

No. 39238          64 Adv. S. 16          72 So. 2d 209

*Laub, Adams, Forman & Truly, Charles F. Patterson,* Natchez, for appellant.

*Joseph E. Brown, Robert A. Bonds, Berger & Callon,* Natchez, for appellee.

APPELLANT IN REPLY.

ETHRIDGE, J.

This case involves the question of whether the trial court erred in holding on the undisputed facts that there was not a gift inter vivos of nine promissory notes. We think that a gift was completed.

V. V. Hill, a Negro woman, brought this suit in the Chancery Court of Adams County against Christian T. Maier, Administrator of the Estate of Gustave Frederick Maier, Deceased, who died on June 14, 1950, and who will be referred to hereafter as Fritz Maier. All of the parties and the witnesses in this suit are of the white race, except Hill and Lewis. The bill charged that on June 12, 1950, two days before his death, Fritz Maier made a gift inter vivos to complainant Hill of nine promissory notes in the amount of $1,000 each, which were payable to Fritz Maier or his order and which were executed by Mr. and Mrs. John J. Cox. The bill further charged that Hill had for several years performed many valuable services for Fritz Maier. The answer of the administrator denied that a gift had been made. Considerable testimony was offered. The chancery court found that although Fritz Maier had delivered actual possession of the notes to Hill, the evidence did not demonstrate that this was done with the intention to complete a gift of them; but that Fritz Maier had lived in the home of Hill for 30 months, and that there was an implied agreement that in return for her giving him board and lodging and taking care of him, he would compensate her for such services. Hence the Court, although denying a gift, allowed Hill $2,250 as a quantum meruit recovery for her services. From that decree

the administrator took a direct appeal, and asserts that the chancellor erred in allowing Hill a recovery on an implied contract. Hill took a cross-appeal, and argues that the chancellor was manifestly wrong in holding that Fritz Maier did not make a gift of the notes to her. We think the overwhelming and undisputed evidence reflects that the gift was made. So we do not reach or consider the issue raised on the direct appeal.

Fritz Maier, the deceased, came to this country when he was 14 years of age. At the time of his death on June 14, 1950, he was about 70 years of age. For sometime prior to 1945 he had lived with a Negro woman named Ella Ford. She died in 1945. Sometime in 1948 Fritz began living in the home of V. V. Hill, the cross-appellant. The record does not indicate any meretricious relationship between them. Both he and she were elderly and of about the same ages. Hill owned a comfortable home in the small Fenwick community about 11 miles from Natchez. Fritz was in bad health and rather feeble but not bedridden. The evidence shows that Hill was good to him and cared for him in the various ways necessary for looking after a person in his condition, and that she is a person of good reputation in her community. Fritz apparently had no money, although he did own some property hereafter referred to. Hill paid for the groceries and other expenses of operation of the household. Fritz told several of his friends on numerous occasions that he had begun living with Hill because he needed someone to look after him, and that she had given him good treatment; that his family, consisting of his brother, the administrator here, and some nephews, never visited him, never saw him, and would not let him live with them; and that Hill took care of him when he had no other place to go, he was "living off of V. V.'s charity", and when he died he wanted her to have his estate.

On June 12, 1950, two days before his death, Fritz Maier got a neighbor, W. F. Gordon, to drive him to

town in order that he could sell some land which he owned. He sold it to Mr. and Mrs. John J. Cox, and they paid him $1,000 in cash and gave him nine promissory notes of $1,000 each payable to him or order. When Fritz got back in the car with Gordon to return home, he told Gordon that the notes were in the envelope which he had with him. They returned to Hill's house, and when they arrived, in addition to Hill and Fritz, there were present Mrs. W. F. Gordon and Mrs. Johnnie Perkins. These two women and W. F. Gordon all testified unequivocally that when Fritz Maier came in the house he made an inter vivos gift of the notes to V. V. Hill. W. F. Gordon said that he was carrying some groceries in for Fritz, and that Fritz handed the envelope to V. V. Hill and said ''Here's something for you, put it up in a safe place'', and that Hill accepted the envelope with the notes, which Fritz delivered to her. Mrs. W. F. Gordon said that Fritz Maier came in and handed Hill the envelope, ''and she said what is it, and he said take it and put it up it is something for you, and she said what do you want me to do with it, and he said I sold my place and these are the notes and don't let anybody have them, it is yours.'' Mrs. Gordon said that when Fritz said this, he handed V. V. the envelope with the notes, delivering them to her, and that she took them. Mrs. Johnnie Perkins, also a neighbor of Hill's, testified to the same effect. She further said that she stayed for a while after the Gordons had gone home; that Fritz told Hill that he had sold his place and had received $1,000 in cash and the $9,000 in notes; and that Hill asked him ''What did you do with the $1,000, and he said, well aren't you satisfied with the $9,000, without asking about the other, and she said, oh excuse me, I am sorry I asked, and we closed the talk like that.''

These three witnesses, Mr. and Mrs. W. F. Gordon and Mrs. Johnnie Perkins, were the only persons present, other than Hill and Fritz Maier, when these events

occurred. Their testimony is unimpeached and undisputed, and evidences clearly and unambiguously all of the elements of a gift inter vivos: a competent donor and donee, the intention to make a gift, delivery, acceptance by the donee, and the gift going into effect immediately and absolutely. McClellan v. McCauley, 158 Miss. 456, 130 So. 145 (1930); 38 C. J. S., Gifts, Sections 10, 15.

The chancellor found that the actual possession of the notes was delivered to Hill, but he then reasoned that Fritz did not intend to make an irrevocable gift inter vivos, because she could have put him out in the cold the next day, and he could not have inherited from her, if she predeceased him. But the same evidence on which the chancellor based his finding that the possession of the notes was delivered shows conclusively that it constituted an irrevocable gift inter vivos. It was undisputed and clear and convincing. And we do not think that there was any evidence to justify the chancellor in concluding that, solely because perchance the gift was an improvident act, it should be set aside.

The alleged oral disclaimer by Hill shortly after Fritz's death, as testified to by William J. Maier, Sr., his son, and a deputy sheriff, did not amount to a divesture by her of her title. At that time, according to the undisputed evidence, she was the owner of the notes, and she did not subsequently assign or give them to anyone. If human testimony is to be believed, Fritz Maier made the gift to Hill. There was no condition on his part, and she received the notes without equivocation. Hence on that occasion on June 12 the gift was completed, and none of the administrator's testimony as to the somewhat ambiguous statements made by Hill after Fritz' death would suffice to divest her of title to the notes. Henry Lewis, a colored employee of William J. Maier, Sr., testified that on the day before Fritz died the witness saw him on the street in Natchez, and that Fritz told him that he had sold his place and put

the notes in the bank, and was going to keep them there and live off of them, since that was all he had. That also occurred after the gift was made and is so inconsistent with the undisputed facts that it could not support a finding denying a gift.

We are not reversing the chancellor on a disputed question of fact, but are holding that in view of the undisputed facts he drew the wrong legal conclusions. The case is reversed on both direct and cross-appeals, and judgment is rendered here in favor of cross-appellant V. V. Hill, adjudicating that she is the owner of all of the notes.

Reversed on direct and cross-appeals, and judgment rendered for cross-appellant V. V. Hill.

*Roberds, P. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.