261 So.2d 727 (1972)
Corinne Bates DAWSON, Plaintiff-Appellant,
v.
CAPITAL BANK & TRUST CO. OF BATON ROUGE, Louisiana, and W. J. Taylor, Defendants-Appellants.
No. 8733.
Court of Appeal of Louisiana, First Circuit.
April 17, 1972.
Robert W. Smith, Seale, Smith & Phelps, Baton Rouge, for plaintiff-appellant.
Teddy W. Airhart, Jr., Airhart & Copenhaver, Baton Rouge, for defendant-appellee.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
Plaintiff Corine Bates Dawson filed a petition for declaratory judgment, alleging that she is domiciled in Orleans Parish, Louisiana, and that she is a daughter of Mrs. Emma H. Taylor, deceased, and an heir under the law of the State of Mississippi. *728 Mrs. Taylor died intestate on December 3, 1966, and was a domiciliary of Mississippi, residing in her matrimonial domicile with her husband, W. J. Taylor, in Amite County, Mississippi.
Plaintiff further alleges that on or about January 8, 1957, Mrs. Taylor made a deposit of $10,000.00 to Account Number 1159 in the Capital Bank & Trust Company of Baton Rouge, Louisiana, in the names of "Mrs. Emma H. Taylor or W. J. Taylor". Subsequent deposits of $1,200.00 and $1,800.00 were made on January 8, 1959. Accrued interest was periodically withdrawn by the bank and sent to the Taylors in Mississippi and the balnce in the savings account on the date of Mrs. Taylor's death was $13,000.00
The purpose of this action is to determine the ownership of those funds on the death of Mrs. Taylor. It is stipulated by the parties that under Mississippi law a joint bank account is a joint tenancy with a right of survivorship, so that upon death of one depositor the surviving depositor becomes owner of the funds in the account and those funds form no part of the estate of the deceased depositor. This, of course, is contrary to Louisiana law.
However, the question presented as we view it is not that of ownership or distribution, but that of the effect of a deposit of funds in a joint account in Louisiana. It is settled that a deposit of funds in a joint account cannot effect a transfer of the ownership thereof. Succ. of Dykes, 258 So.2d 606 (La.App. 1 Cir. 1972).
The trial court ruled that the law of Mississippi should be applied, reasoning that "the disposition of movable property, wherever located, should be determined by the laws of the state of the domicile of the decedent where the succession is opened." By agreement of the parties, the defendant bank was dismissed from this suit. Plaintiff appealed from the judgment which declared W. J. Taylor to be the owner of the entire account and she contends that the trial judge erred in confusing the concepts of ownership and succession distribution. She argues that the validity of the alleged transfer of ownership of the funds should be determined by the law of the place where they were located and then the distribution should be determined by the law of the domicile of the deceased. We agree with plaintiff's position and reverse the judgment of the trial court.
It is stipulated by the parties that the original $10,000.00 deposit represented funds from Mrs. Taylor's separate estate and that the $1,200.00 deposit belonged to Mr. Taylor; the latter sum is not claimed herein. There was no stipulation or evidence relative to the source of the $1,800.00 deposit.
We have not found or been referred to any Louisiana case directly in point, that is, involving two non-residents with a joint bank account in Louisiana. The Second Circuit Court of Appeal specifically refused to decide whether Michigan law or Louisiana law applied to a bank account in Michigan owned by a Louisiana domiciliary and placed "in trust" for his brother because the court was not persuaded that Michigan law differed from Louisiana law in the crucial respects. Succession of Shadrick, 129 So.2d 606 (2nd La.App. 1961), cert. den. June 20, 1961.
In the case of Northcott v. Livingood, 10 So.2d 401 (2nd La.App.1942), the contest was between Louisiana domicilaries but the court stated as follows:
"Rules governing the common-law relation of joint tenancy and tenancy in common have no application to a case of this character arising in this state. Ownership of property, real or personal, in this state may arise only in the manners expressly established and recognized by its laws; and divestiture of such ownership may be effectuated only in the manner and form as by them directed." 10 So.2d at 405.
*729 We find ample authority in the Louisiana Civil Code for applying the same reasoning to the instant case:
"Art. 9. Territorial scope over persons and property
"Art. 9. The law is obligatory upon all inhabitants of the State indiscriminately; the foreigner, whilst residing in the State, and his property within its limits, are subject to the laws of the State."
"Art. 491. Perfect ownership
"Art. 491. Perfect ownership gives the right to use, to enjoy and to dispose of one's property in the most unlimited manner, provided it is not used in any way prohibited by laws or ordinances.
"Persons who reside out of the State, can not dispose of the property they possess here, in a manner different from that prescribed by its laws."
Even under Mississippi law, the establishing of a joint tenancy with a right of survivorship depends upon the intention of the parties and the statutory presumption that the parties did so intend may be rebutted by evidence of an inconsistent or contrary intent. It is contractual in nature and has been described as a revocable trust or revocable gift which becomes irrevocable at death. In re Lewis' Estate, 194 Miss. 480, 13 So.2d 20 (1943); Leverette v. Ainsworth, 199 Miss. 652, 23 So.2d 798 (1945). We see no justification for ignoring or refusing to apply Louisiana law, under the authority of Civil Code Articles 9 and 491, to determine whether an alleged contractual disposition or transfer of ownership of property located in this state was validly accomplished. It is stipulated by the parties that if Louisiana law is applied no transfer of ownership was accomplished by the mere deposit of separate funds in a jont bank account. La.C.C. Arts. 1536, 1538 and 1539. Mrs. Taylor's interest in the funds in the account would be owned by her succession, or her "estate" in Mississippi and distributed according to Mississippi law.
As noted above, the source of the $1,800.00 deposit was not determined at the trial, although counsel for both parties told the court that they would endeavor to discover it. Since this has not been done we must assume that plaintiff has either abandoned her claim to have its source determined or in any event has failed to satisfy the burden of proof that it was indeed the separate property of the decedent. In any event, we specifically defer any comment as to its status. Undoubtedly, the principal point at issue was the effect of the deposit of the $10,000.00 noted above and this opinion is limited to that extent.
For the above and foregoing reasons, the judgment of the trial court is reversed and judgment is rendered herein in favor of the plaintiff, Corinne Bates Dawson, decreeing that the Estate of Mrs. Emma H. Taylor is the owner of the stipulated $10,000.00 interest in the funds on deposit, at the time of her death, in Account No. 1159 with the Capitol Bank & Trust Company of Baton Rouge. The defendant-appellee, W. J. Taylor, is ordered to pay all costs of these proceedings.
Reversed and rendered.