SARTAIN, Judge.
Lindsey Beals, (appellant), as universal legatee of Albertha Beauchamp Adolphus (decedent), appeals from a judgment rejecting his demands against City National Bank of Baton Rouge (appellee) for the alleged wrongful release of funds held by appellee. We affirm.
On May 9, 1973, appellant and decedent opened a joint savings account with appel-lee and deposited the sum of $10,699.56. Admittedly, this sum was obtained by decedent from the sale of real property. With the exception of $2,000.00 withdrawn by appellant following decedent’s death under the provisions of Act 235 of 1936, the account lay dormant save for regular interest deposits made to the account by appellee.
Decedent died at her domicile in Baton Rouge on May 26, 1974. She was survived by three brothers and one sister, Hosea Beauchamp, Eddie Beauchamp, Walter Beauchamp and Ida Beauchamp Ricks. These heirs, without knowledge of an existing will, opened her succession and caused themselves to be placed in possession of the funds on deposit in the joint account. On the date the judgment of possession was signed, June 14, 1974, these heirs together with their attorney appeared at appellee’s branch office and presented to the latter a certified copy of the judgment. They obtained and receipted for the balance left in the account in the amount of $9,178.60.
On June 25, 1974, appellant filed in decedent’s succession proceedings a petition entitled “Petition in Opposition to Judgment of Possession and for Probate of Statutory Will”. The will was ultimately probated; the judgment of June 14, 1974 was vacated; appellant was recognized as the universal legatee of decedent’s estate and as such was sent into possession of all of decedent’s property, including the aforementioned savings account.
Appellant then instituted the present action claiming, inter alia, that under the provisions of L.R.S. 6:32(A) the funds in the joint savings account belonged to him as the surviving depositor and that appellee is liable to appellant for releasing said funds to the heirs of the decedent without authority from appellant.
L.R.S. 6:32(A) reads as follows:
“When a deposit is made in any bank, savings bank or trust company under the names of two or more persons, payable to each of such joint depositors, this deposit or any part of it, or any interest or dividend on it may be paid to any such joint depositor, whether the other joint depositor or depositors be living or not, and the receipt or acquittance of the person paid is a full release and discharge of the bank, savings bank or trust company for any payment made with respect to anyone; nor shall any bank, savings bank or trust company paying any such depositor in accord with the provisions of this section thereby be liable for any estate, inheritance or succession taxes which may be due this state, except that in the case of a joint account, a bank, savings bank or trust company having actual knowledge of the death of any joint account owner shall report pay *830 ments made to the collector of revenue within one week after such payment is made.”
The statute relied upon by appellee and found by the trial judge to be controlling is L.R.S. 6:66 which provides as follows:
Upon proper authority and upon obtaining a receipt therefor, any bank may transfer any money or other property in its possession, belonging to a deceased person, to the decedent’s succession representative, heirs, or the legal representatives of the heirs.
The letters of the succession representative or the judgment recognizing and putting the heirs in possession, issued by a court of competent jurisdiction, and accompanied by letters of tutorship or curatorship of the heirs who are not sui juris, shall constitute proper authority for making the transfer, which when so made and receipted for shall be full protection to the bank.
Conclusive proof to the bank of the letters or judgment and of the jurisdict tion of the court rendering them shall result from copies thereof, duly certified when rendered by a court of this state, or certified according to the Acts of Congress when rendered by a court of any other state, or certified according to the law of the place when rendered by a court of any possession or dependency of the United States, or certified according to the law of the place with the genuiness of the certification attested by a consular agent of the United States when rendered by a court of any foreign country.
The receipt to be obtained by the bank may be in any form, but it shall be signed, either by the' succession representative accompanied by a certified copy of the letters, or by the heirs or the legal representatives of the heirs who are not sui juris, accompanied by a certified copy of the judgment recognizing and putting the heirs in possession and by a certified copy of the letters of tutorship or curatorship of the legal representatives of the heirs who are not sui juris.
No bank shall transfer any money or other property to a succession representative appointed by a court outside this state or to any heirs or their legal representatives until the inheritance tax due the State of Louisiana has been fixed and paid.
Thus the question posed for resolution here is whether a bank is fully protected by L.R.S. 6:66 when it releases funds of a joint account to the legal heirs of one of the depositors and when such release is ordered by a judgment of possession.
With respect to L.R.S. 6:32(A), we can not find that this particular statute creates any proprietary interest in a surviving depositor. We think its intent is clear. It (1) permits the bank to pay any part of the funds on deposit, interest or dividends, to any one of several joint depositors, whether another joint depositor is living or not, and (2) it relieves the bank of liability for inheritance taxes, but, (3) it requires the bank to report payments made to a surviving depositor to the Collector of Revenue.
Our perusal of L.R.S. 6:32(A) satisfies us that as between joint depositors on the one hand and a bank on the other hand, the latter has statutory authority to release funds in a joint account to any one of the former, notwithstanding the fact that one of the joint depositors may be deceased at the time of the withdrawal. The statute also relieves the bank of any obligation of inquiring into the origin of the funds or any particular interest a joint depositor may have over that of aiiy other joint depositor.
 Further, the statute does not require that one joint depositor give notice to another joint depositor before funds are withdrawn from a joint account. Accord *831 ingly, we must reject appellant’s contention that he was entitled to notice by the heirs of the decedent of their intention to withdraw the funds or that the bank was required to give appellant notice of its intention to release these funds to the surviving heirs.
To hold that L.R.S. 6:32 (A) creates in a joint depositor a vested proprietary interest in the account as urged by appellant is tantamount to holding that this statute creates as between joint depositors the common law relation of joint tenancy and tenancy in common, two rules of law which have been consistently rejected by the jurisprudence of this state. Northcott v. Livingood, 10 So.2d 401 (La.App., 2nd 1942), and Dawson v. Capital Bank & Trust Co., 261 So.2d 727 (La.App., 1st 1972).
Our courts have consistently held that a judgment of possession, even an ex parte judgment, is prima facie evidence of ownership which entitles the party recognized by it to full and exclusive ownership until such time as someone else appears to assert and prove ownership in himself. Curry v. Caillier, 37 So.2d 863 (La.App., 1st 1948).
While L.R.S. 6:66 is silent as to ownership and relates only to statutory authority granted a bank for the release of funds, it must be viewed in conjunction with L.R.S. 6:32(A) and the presumption of ownership announced in Curry, above. Thus, where we have a joint account, a deceased depositor, a judgment of possession recognizing the legal heirs of the deceased depositor, and a surviving depositor, a bank may, absent prior notice to the contrary, (L.R.S. 6:32[B]), pay any part or all of the funds in such account to a surviving depositor (L.R.S. 6:32[A]) or the surviving heirs, when these heirs are recognized as such by a judgment placing them in possession of such account.
Accordingly, for the above and foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.