498 So.2d 324 (1986)
Gloria CARTER, Maudell Stevenson and Katherine Carter
v.
STATE MUTUAL FEDERAL SAVINGS & LOAN ASSOCIATION.
No. 56483.
Supreme Court of Mississippi.
November 12, 1986.
*325 Kirk & Nelson, Flora, Thomas J. Lowe, Jr., Jackson, for appellants.
A. Spencer Gilbert, III, Wise, Carter, Child & Caraway, Jackson, for appellee.
Before PRATHER, SULLIVAN and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This case, concerning the ownership of certain accounts at State Mutual Federal Savings & Loan Association in Jackson, comes to the Court from the Circuit Court of the First Judicial District of Hinds County, Mississippi. The lower court, sitting without a jury, entered a judgment for the appellee. We affirm.
On February 10, 1967, Bessie Thomas opened an account with State Mutual in the name of Gloria Carter, her grand-niece. Again on September 3, 1968, she opened an account with State Mutual in the name of Katherine Carter, her sister. Also, on October 29, 1973, she opened an account with State Mutual in the name of Maudell Stevenson, her niece. The named accountholders are appellants here.
On January 15, 1982, the appellants attempted to withdraw money from the accounts, noted above. Jim Davis, State Mutual's managing officer, refused payment, stating that Thomas had used the account as collateral for various notes, held by the Association. Failing in their attempt, the appellants instituted the present suit, seeking to recover the money.
At trial, each appellant testified, claiming ownership of the account which listed her *326 respective name. Each also denied the grant of any authorization to use her account as collateral for loans. Specifically, Gloria Carter testified that she had long been aware of the account's existence. Although she admitted that Thomas had made all of the deposits, except for $1500.00 paid to Carter as the beneficiary of a life insurance policy, she claimed the account's balance of $32,828.64 as her own.
Katherine Carter testified that she had opened her own account and deposited her own money therein. She also stated that the bank book had remained in her possession, and that she had regularly received dividend notices from State Mutual as interest accrued.
Finally, Maudell Stevenson testified that, although Thomas had opened the account at State Mutual, its balance represented her own money. Stevenson also stated that in May, 1977, she had deposited an additional $2,000.00 into the account.
This Court held in Staley v. Brown, 244 Miss. 825, 831, 146 So.2d 739, 741 (1962), that "in the absence of notice to the contrary, ownership of a deposit is presumed to be in the depositor, and the bank is bound to pay him on proper demand" (citation omitted). This is consistent with 9 C.J.S. Banks and Banking § 993 (1938), cited by both parties:
Ordinarily, the entries in the books of the bank and in the pass book of the depositor are presumptive evidence of the ownership of the account, and where a person deposits money in a savings bank to his individual credit, this shows prima facie that it belongs to him, but such entries on the books of the bank and in the pass book are not conclusive evidence of ownership of the deposit, and in a proper case the ownership of the account may be shown to be in a person other than the one in whose name it stands.
Although both authorities concern a bank, the same rule applies to a savings and loan association.
Clearly, State Mutual's evidence rebuts the presumption of ownership, and supports the judgment of the lower court. Without dispute, Thomas opened the accounts for Gloria Carter and Maudell Stevenson. Thomas also claimed to open the account for Katherine Carter. In fact, all three accounts listed Thomas' address, though the plaintiffs resided in Chicago.
As early as 1976, Thomas informed Davis that the money in the three accounts was her own. She repeated this to Davis, when in January, 1982, the plaintiffs attempted to withdraw funds held in their names. Davis also testified that, during his tenure at State Mutual starting in 1976, only Thomas had transacted business in the accounts. This is consistent with Thomas' previous statement to the effect that Katherine Carter was not even aware of the accounts' existence.
In addition, there is the testimony of Katherine Carter and Maudell Stevenson. In two separate exchanges at the trial, Katherine Carter claimed that each new account opened in her name represented the transfer of fresh funds into State Mutual, though this contradicted her attorney's stipulation. Also, Maudell Stevenson had previously claimed to have a balance of $25,000.00 at State Mutual, though at trial she claimed only approximately $3,500.00. Moreover, this account, which she claimed to own in 1982, had in fact been closed in 1976, with the funds applied toward a note given by Thomas to State Mutual.
Finally, a handwriting expert testified that, although Thomas' known signature displayed agreement with the signature on bank documents bearing her name, the plaintiffs' known signatures displayed in most instances disagreement with the signatures on bank documents bearing their names. This is consistent with Davis' testimony that he witnessed Thomas sign Gloria Carter's and Katherine Carter's names to bank documents.
Finding the above to constitute substantial evidence in support of the lower court's finding that Thomas exercised exclusive control over the accounts, there was *327 no valid inter vivos gift to the plaintiffs. To make a valid inter vivos gift, several requirements must be met: (1), the donor must be competent to make a gift, (2), there must be a free and voluntary act by the donor with the intention to make a gift, (3), the gift must be complete with nothing left to be done, (4), there must be delivery by the donor and acceptance by the donee, and (5), the gift must be gratuitous and irrevocable. Shapero v. Guaranty Bank and Trust Co., 381 So.2d 1338 (Miss. 1980); Longtin v. Witcher, 352 So.2d 808 (Miss. 1977): McLean v. Green, 258 So.2d 247 (Miss. 1972); Maier v. Hill, 221 Miss. 120, 72 So.2d 209 (1954).
The lower court found that there had been no delivery of the gift by Thomas to the plaintiffs. Indeed, to perfect delivery the donor must surrender all dominion over and interest in the property. Gilder v. First National Bank of Greenville, 214 So.2d 681 (Miss. 1968); Raley v. Shirley, 228 Miss. 631, 89 So.2d 636 (1956); Comfort v. Smith, 198 Miss. 152, 21 So.2d 584 (1945). Here, Thomas continually moved the money into various accounts at State Mutual, repeatedly claimed it as her own, and finally used it as collateral for her own loans.
This is in accord with Leverette v. Ainsworth, 199 Miss. 652, 23 So.2d 798 (1945), where the decedent opened an account in his mother's name, using his own name, though, for the authorized signature. In Leverette, the Court stated,
It is well settled that a person may make a gift in severally to another by making a deposit of the subject of the gift in a bank to the credit of the donee provided the donor in so doing retains no such control over the deposit as will enable him to withdraw it for his own personal uses or purposes. If he retains a control such as mentioned, and as was retained in the present case, the transaction will be ineffective as a gift in severalty and the deposit will remain the property of the depositor.
Leverette, 23 So.2d at 799.
Similarly, in Smith v. Taylor, 183 Miss. 542, 184 So. 423 (1938), W.T. Smith, Sr. deposited $4,000 in his son's name at the bank. Otherwise, there was no evidence of delivery to W.T. Smith, Jr. Later, W.T. Smith, Sr. withdrew these funds from the bank. On a suit by creditors of the elder Smith, the Court stated,
We think the mere depositing of the money in the bank in the name of W.T. Smith, Jr., by W.T. Smith, Sr., with no further action, was ineffective to constitute a gift. Furthermore, there was sufficient evidence to show that W.T. Smith, Sr., retained control of such deposit, checked against it, and used the money. It is true that he and his son testified that the latter, in specific cases, consented to the drawing of such checks by W.T. Smith, Sr. But there was never a compliance with the law requiring that there must be a delivery to constitute a valid gift of chattels.
Smith, 184 So. at 425. See also, Carroll v. Smith, 229 A.D. 286, 241 N.Y.S. 546 (1930).
In order to find a valid inter vivos gift, there must be clear and convincing proof of such. Johnson v. Collins, 419 So.2d 1029 (Miss. 1982); Jenkins v. Jenkins, 278 So.2d 446 (Miss. 1973); Greer v. Hampton, 240 So.2d 253 (Miss. 1970). Here, the lower court found no inter vivos gift of the accounts to the plaintiffs, and, absent manifest error, we cannot hold otherwise. Dungan v. Dick Moore, Inc., 463 So.2d 1094 (Miss. 1985).
The appellants also assert that State Mutual violated Miss. Code Ann. § 81-12-127 (Supp. 1985):
Notice to any association doing business in this state of an adverse claim to an account on its books in the name of any savings account holder shall not be effectual to cause the association to recognize such adverse claimant unless such adverse claimant either procures a restraining order, injunction or other appropriate process against the association from a court of competent jurisdiction in a cause therein instituted by him wherein the savings account holder in whose name the account appears is made a party *328 and served with summons, or shall execute to the association, in form and with sureties acceptable to it, a bond indemnifying it from any and all liability, loss, damage, costs and expenses for and on the account of the payment of such adverse claim.
Since Thomas filed no action nor executed any bond, the appellants contend that State Mutual was legally obligated to pay them on their accounts.
Miss. Code Ann. § 81-12-127 (Supp. 1985) concerns the regulation of the association itself, and not the ownership of funds it holds. Consequently, the Court will not countenance its use as a lever to overturn the finding that Thomas owned the accounts.
Consistent with the above, we affirm.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
ANDERSON, J., not participating.