LABORDE, Judge.
Plaintiff in this suit, Succession of Carroll Clinton Fralick, filed a rule against Shirley McNamara, Secretary, Louisiana Department of Revenue and Taxation (Department), to show cause why the Louisiana State inheritance tax due should not be determined judicially and why the heirs should not be issued a receipt for said taxes and placed in possession of the property listed on the detailed descriptive list. At issue are three bank accounts, totaling $42,604.32, not included on the list. The trial court found that the bank accounts were not subject to inheritance tax; and ordered that the heirs be issued a receipt acknowledging that all taxes have been paid. From this judgment the Department has suspensively appealed. We reverse and remand.
FACTS
Carroll Clinton Fralick died intestate on April 11, 1986. His only heirs are his sisters, Anna Belle Webb and Loretta Mize. The heirs submitted a detailed descriptive list of property to the 35th Judicial District Court in Grant Parish. Several pieces of real estate were listed along with three pieces of movable property, to wit: a truck, a twenty ($20.00) dollar gold coin, and 26 shares of common stock. The list contained no entry for liquid assets.
The heirs filed an inheritance tax return in November of 1986. The return, which itemized the aforementioned assets in the descriptive list, showed inheritance tax due in the amount of $2,319.62. Checks totaling that amount accompanied the return.
The Department noticed that three joint bank accounts in the name of decedent and one Curtis Lee Gongre had not been included on the inheritance tax return. Mr. Gongre is not an heir of decedent. The accounts totaled $42,604.32. The Department calculated the tax on the amount at the seven (7%) percent rate (as the heirs are collaterals under LSA-R.S. 47:2403) and determined that the heirs owed an additional $2,982.30 plus interest in inheritance tax.
The heirs of Carroll C. Fralick contested the additional amount due and filed a rule to show cause why the inheritance tax due should not be judicially determined and why the heirs should not be issued a receipt for taxes paid. The histories of the three bank accounts were detailed at the rule.
The record of the hearing shows that Mr. Fralick opened an account at the First Federal Savings & Loan of Alexandria in 1973. This account, in Mr. Fralick’s name alone, matured every four years. Upon maturity, Mr. Fralick would reinvest the accumulated amount. In 1981, when the account had matured, Mr. Gongre’s name was added to the signature card and the funds were reinvested. At the time of Mr. Fralick’s death, the account held $20,000. Mr. Gongre closed the account six days after Mr. Fral-ick’s demise.
Decedent for several years maintained an account in his name alone at Guaranty Bank & Trust of Alexandria. On September 3, 1985, the signature card was modified to add Mr. Gongre’s name on the account. The account held $12,482.86 at the time of Mr. Fralick’s death. Mr. Gongre closed the account on April 18, 1986, seven days after Mr. Fralick’s death.
The third account was also opened at Guaranty Bank. Mr. Fralick had several certificates of deposit at the bank. One of the certificates matured and was closed on September 4, 1985. Another account was opened on September 29, 1985, under the joint names of Carroll C. Fralick or Curtis Lee Gongre. The account held $10,121.66 at the date of death of Mr. Fralick. The account was closed by Curtis Lee Gongre on April 18, 1986.
The trial court found that the Succession of Carroll C. Fralick claimed no ownership of the funds in question, had received none of the funds, and has asserted no claim to the funds. Further, the trial court found that the Department was barred from attacking the “donations inter vivos” for want of form under the rationale of Succession of Brower v. State, 87 So.2d 183 *161 (La.App. 2d Cir.1956). The trial court also found that the Department failed to meet its burden of proving that the “donation” was made in contemplation of death. In conclusion, the trial court held that the Succession of Carroll C. Fralick is not liable for any additional inheritance taxes to the State of Louisiana.
On appeal, the Department challenges the findings of the trial court with the following specifications of error:
“1. The Trial court erred in reasoning that the three accounts in question are not a part of the estate of the decedent simply because the heirs did not claim the funds and did not include them on the detailed descriptive list.
2. The Trial Court erred in reasoning that the Department was attacking a donation inter vivos where the Department presented evidence and cases to support its position that the funds in three joint bank accounts constitute assets of the estate upon which additional inheritance is due.”
For purposes of analysis, the two specifications of error will be treated together.
ANALYSIS
The Louisiana State Inheritance Tax levies a tax upon all (with some exceptions) inheritances, legacies and donations and gifts made in contemplation of death. LSA-R.S. 47:2401.
“The burden of proving facts establishing exemptions from the inheritance tax by this Part is upon the person claiming the exemption.
All donations or transfers of property for inadequate consideration within one year prior to the death of the owner thereof shall be separately listed in the inventory or sworn statement of the property composing the estate of the decedent, and shall be presumed to have been made in contemplation of death and in avoidance of the tax herein levied, and unless this presumption is overcome by sufficient evidence, the property shall be deemed a part of the succession of the person who has so donated or alienated the property for purposes of computing the inheritance tax due by the succession, legatees or heirs of the person.
Donations and transfers prior to one year of death may be always inquired into and if shown to have been made in contemplation of death and in avoidance of taxes, then the same shall be likewise liable to the tax.”
LSA-R.S. 47:2406.
It is well settled that bank accounts, or other amounts on deposit in banks or savings institutions, are incorporeal movables which can be subjects of an inter vivos donation only upon the execution of an authentic act. Succession of Amos, 422 So.2d 605 (La.App. 3d Cir.1982); Succession of Vice, 385 So.2d 554 (La.App. 3rd Cir.), writ denied, 392 So.2d 1066 (La.1980). In this case, the required form of the intended donation was not met. The trial court, relying on Succession of Brower, 87 So.2d 183, found that the Department was barred from attacking the donation for lack of form. Succession of Brower, 87 So.2d at 185, states:
“Finally, the donations are attacked as being invalid in point of form, and it is urged that they are incomplete and deficient for want of formal acceptance and for other informalities. We do not think such errors of form are subject to collateral attack in a proceeding of this nature [a suit for inheritance tax]. It is not within the province of the State to question the validity and effect of the acts themselves since its interest is limited, exclusively, to a consideration as to the purpose of the donations, that is, whether made in contemplation of death.”
Succession of Brower articulates a workable rule and we would follow it. However, we find that the acts transforming the three single accounts into joint accounts did not create any proprietary interest in the surviving depositor, Mr. Gongre. There was no donation, transfer, or alienation of property; so the second and third paragraphs of LSA-R.S. 47:2406 and Succession of Brower are inapplicable.
Alternative deposits or joint bank accounts are authorized by LSA-R.S. 6:312. *162 Louisiana courts have held that joint deposits, in and of themselves, do not transfer ownership of the funds. Broussard v. Broussard, 340 So.2d 1309, 1313 (La.1976); Owens v. Owens, 259 So.2d 454, 457 (La. App. 3d Cir.1972). Further, Beals v. City National Bank, 329 So.2d 828, 830 (La. App. 1st Cir.), writ denied, 332 So.2d 863 (La.1976), determined that LSA-R.S. 6:32 (now 6:312) does not create any proprietary interest in a surviving depositor.
In our view, the transactions creating the joint accounts in 1981 and 1985 in no way determine the ownership of funds on deposit in the three accounts as of the date of Mr. Fralick’s death on April 11, 1986. The accounts stood in the joint names of Fralick and Gongre on the date of death. This fact, coupled with the history of the accounts, establishes a prima facie case that Fralick owned all or at least a portion of the funds on deposit.
Under LSA-R.S. 47:2425(A), the heirs are required to file an inheritance tax return which shall contain, inter alia, “a description of any assets standing in the name of the deceased or any community property standing in the name of the deceased’s spouse which was omitted from the assets of the estate with an explanation of the omission.” (emphasis ours)
The inheritance tax statutes make no reference to jointly owned property; however, it is clear that the three bank accounts at least partially stood in the name of the decedent. Under LSA-R.S. 47:2425(A), the heirs of Carroll C. Fralick were obligated to list and describe the three bank accounts. Once listed, if the heirs or succession representatives contend that they are exempt from taxation, the burden of proving facts establishing an exemption from inheritance tax rests with the heirs or the succession representative. See the first paragraph of LSA-R.S. 47:2406.
Plaintiff, the Department of Revenue, has made a prima facie showing that the funds on deposit in these three accounts belonged to Mr. Fralick at the time of his death. Inheritance taxes are due thereon unless the heirs or succession representative can affirmatively demonstrate that the property did not belong to decedent on the date of his death. LSA-R.S. 47:2406; Succession of Brower, 87 So.2d at 185.
For the above and foregoing reasons, the judgment of the trial court is reversed. In the interest of justice, this case is remanded to the trial court in order to give the heirs or succession representative an opportunity to demonstrate (if they can) that the funds on deposit are exempt from taxation. If the heirs or succession representative fail to preponderate, the trial court is ordered to grant judgment in favor of the Department of Revenue for the amount of additional inheritance tax due on the three accounts and against the heirs or succession representative under LSA-R.S. 47:2413(A).
Costs of this appeal are taxed to the Succession of Carroll C. Fralick.
REVERSED AND REMANDED.